UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINA MARIE JONES o/b/o A.S.E.W.,         17-CV-780-MJR
                                                                            DECISION AND ORDER

                        Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,[1]

                        Defendant.
_____

       Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 13).

       Plaintiff Regina Marie Jones brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) on behalf of her child, A.S.E.W., seeking judicial review of the final decision of the Commissioner of Social Security denying A.S.E.W. Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Jones' motion (Dkt. No. 9) is granted, the Commissioner's motion (Dkt. No. 11) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

       On August 27, 2013, Jones filed an SSI application on behalf of A.S.E.W. alleging that A.S.E.W. has been disabled since August 1, 2013 due to "[s]eizure problems." (*See* Tr. 41, 88-93, 118).[2] Born in 2009, A.S.E.W. was four years old at the time of the

---

[1]      The Clerk of Court is directed to amend the caption accordingly.
[2]      References to "Tr." are to the administrative record in this case.

application. (*See* Tr. 88). The application was denied on November 22, 2013 (Tr. 41-52), after which Jones requested a hearing before an Administrative Law Judge (Tr. 53). On March 18, 2016, Jones and A.S.E.W. appeared *pro se* before Administrative Law Judge William M. Weir (the "ALJ") for a hearing. (Tr. 30-40). On September 15, 2016, the ALJ issued his decision denying A.S.E.W.'s SSI claim. (Tr. 11-29). Jones requested review by the Appeals Council (Tr. 87), but on June 14, 2017, the Appeals Council denied Jones' request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-5). Now represented by counsel, Jones commenced this action challenging the Commissioner's denial of benefits.

## **DISCUSSION**

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>*Standards for Determining "Disability" Under the Act*</u>

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. §416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* §416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically

determinable impairment(s) that is "severe."  *Id.* §416.924(c).  If the child does not have a severe impairment(s), he or she is not disabled.  *Id.*  If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* §416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  *Id.* §416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* §416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* §416.926a(e)(2).  A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* §416.926a(e)(3).  If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled.  *Id.* §416.924(d).

    III.    *The ALJ's Decision*

The ALJ followed the required three-step process for evaluating A.S.E.W.'s SSI claim.  At the first step, the ALJ found that A.S.E.W. has not engaged in substantial gainful activity since August 27, 2013, the date of her SSI application.  (Tr. 17).  At the second

step, the ALJ determined that A.S.E.W. has the following severe impairments: seizure disorder, attention deficit hyperactivity disorder ("ADHD"), and migraine headaches. (*Id.*). At the third step, the ALJ found that A.S.E.W. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*). The ALJ then proceeded to consider whether A.S.E.W. has an impairment or combination of impairments that functionally equals the Listings, but he concluded that A.S.E.W. does not because he found that A.S.E.W. has either no limitation or less than marked limitation in all six domains of functioning. (Tr. 18-25). As a result, the ALJ held that A.S.E.W. has not been disabled within the meaning of the Act since August 27, 2013, the date of her SSI application. (Tr. 25-26).

    IV.    *Jones' Challenge*

Jones challenges the Commissioner's disability decision on the ground that the ALJ failed to adequately develop the record. (*See* Dkt. No. 9-1 (Jones' Memo. of Law) at 18-24).

Given "the essentially non-adversarial nature of a benefits proceeding," the ALJ "must . . . affirmatively develop the record." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). Where, as here, the claimant appeared *pro se* before the ALJ, "the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (internal quotation marks and citations omitted). Here, Jones argues that the ALJ failed to adequately develop the record by not obtaining certain education records and treatment notes. The Court agrees.

Regarding A.S.E.W.'s education records, the record includes an Individualized Education Program plan and related documents from A.S.E.W.'s time in first grade (*see* Tr. 427-52), but there are no records regarding her time in pre-k or kindergarten, such as grade and attendance reports, testing results, or the "504 Plan"[3] that provided her with preferential seating, break periods, and additional time to complete assignments. (*See* Tr. 434 (referencing A.S.E.W.'s 504 Plan)). These missing records could shed additional light on A.S.E.W.'s seizure disorder and how it affects her academic functioning.

Turning to the medical evidence, the record indicates that A.S.E.W. received treatment for her seizures at the University of Rochester Medical Center/Strong Memorial Hospital beginning in 2015 (Tr. 358, 361, 365, 432, 434), but the record does not contain any notes from this provider. A.S.E.W. also visited the emergency room for seizures in September and December 2015 (*see* Tr. 37, 361, 404-26), but the record contains no treatment notes for the September visit and only a discharge summary for the December visit (*see* Tr. 404-26).[4] A.S.E.W. also received primary care from Dr. Daryl Ehlenfield at Allentown Pediatric and Adolescent Medicine through 2016 (*see* Tr. 432), but the record contains treatment notes from this provider only through June 2013 (Tr. 208-235). Combined with the other evidence in the record, the missing treatment notes might have allowed the ALJ to conclude that A.S.E.W. has at least marked limitation in two of the domains of functioning or an extreme limitation in one domain, thus rendering her disabled within the meaning of the Act. Accordingly, this case is remanded to the Commissioner for further development of the record with regard to the missing education

---

[3] "504 Plan" is in reference to Section 504 of the Rehabilitation Act, 29 U.S.C. §794.
[4] Jones also argues that treatment notes reflecting A.S.E.W.'s ADHD diagnosis and prescription for diazepam are missing from the record, but the record does in fact contain these notes. (*See* Tr. 360, 407).

records and treatment notes described herein. The ALJ should also consider on remand Jones' arguments that the ALJ improperly relied upon the opinion of state agency review physician Dr. S. Gandhi and misassessed her credibility. (*See* Dkt. No. 9-1 (Jones' Memo. of Law) at 24-30).

## **CONCLUSION**

For the foregoing reasons, Jones' motion for judgment on the pleadings (Dkt. No. 9) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 11) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: January 28, 2019
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge